**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHRISTINE BAKER, | ) | No. CV-06-2927-PCT-NVW |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| TRANSUNION L.L.C.; EQUIFAX INFORMATION SERVICES, L.L.C.; FOCUS RECEIVABLES MANAGEMENT, L.L.C.; JAMES HURD; DIRECTV; DANA CAPITAL GROUP; NCO FINANCIAL SYSTEMS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Before the court is the issue of the proper sanction for the Plaintiff's willful and deliberate violation of the court's December 10, 2007 Confidentiality Order (Doc. #85). After careful consideration of the interests of justice and all matters of record, the court concludes that the Plaintiff's claims should be dismissed with prejudice.

**I.  Background**

The Plaintiff, Christine Baker ("Ms. Baker") filed this action seeking damages and injunctive relief for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Telephone Consumer Protection Act, breach of contract, negligence, gross negligence, and negligent and intentional infliction of emotional distress stemming from the Defendants' allegedly unlawful attempt to collect an outstanding debt.  In

1  November 2007 Ms. Baker filed a Motion to Compel Defendant Focus Receivables
2  ("Focus") to respond to her discovery requests. At a hearing held on December 7, 2007,
3  Focus indicated that it was in the process of providing the requested documents.
4  Therefore, the court granted Ms. Baker's motion and ordered Focus to pay her expenses.
5  However, before producing the documents Focus prepared a Stipulation to Entry of
6  Confidentiality Order (Doc. #83) which it presented to Ms. Baker on the day of the
7  hearing. She signed the order and the parties submitted it to the court. On December 10,
8  2007, the court issued a Confidentiality Order which stated in relevant part:

> All documents disclosed, including but not limited to, training and testing materials copyrighted and utilized by Focus shall be considered proprietary and will be held in confidence, which confidentiality includes all information contained in those documents. . . . Baker is directed not to disclose, publish or otherwise reveal any of the Confidential Information received from Focus to any other party whatsoever. For purposes of this litigation, publish includes the reproduction of the information contained in the documents in any format whether orally, in tangible form through duplication, or otherwise, in written form or on a web site (Baker's creditsuit.org or any other web site).

(Doc. # 85.)

Following the December 7 hearing and pursuant to her discovery requests, Ms. Baker received a copy of Focus' Training Manual. On December 10, 2007, Ms. Baker published a post on her website concerning the Confidentiality Order in which she stated, "I don't even know why I signed it. What good do their docs do me if I can't publish them?" On or about December 31, 2007, Ms. Baker created another post on the same website which summarized the contents of the Focus Training Manual, including its debt collection practices. In response, Focus filed a Motion for Sanctions and to Compel Compliance with Confidentiality Order (Doc. #88). The court held a hearing on the motion on January 11, 2008, and found that Ms. Baker "willfully, intentionally, and with full awareness of the Order, breached the Confidentiality Order in plain bad faith." (Doc. # 95.) The court directed Ms. Baker to remove all statements about the Focus Training

Manual from her website and ordered the parties to submit legal memoranda regarding the proper sanction for her breach of the Order.

In the weeks that followed, Ms. Baker filed a motion to seal her memorandum regarding sanctions (Doc. # 106) and a separate motion for sanctions against the Defendant (Doc. # 108).  In response, Focus requested that the court strike both motions (Doc. # 110).   Finally, Ms. Baker made a last attempt to avoid dismissal with a motion to vacate the Confidentiality Order (Doc. # 112).  The court finds that Ms. Baker's request for sanctions against the Defendant and her motion to vacate the Confidentiality Order are unwarranted.  In addition, the court concludes that dismissal of her case is an appropriate sanction given the willful nature of her actions, the irreparable harm suffered by Focus, and the court's interest in maintaining the integrity of its orders.

**II.   The Plaintiff's willful violation of the court's confidentiality order satisfies the five-part test for involuntary dismissal.**

"Where it is determined that counsel or a party has acted wilfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for the non-compliance."  *G.K. Properties v. Redevelopment Agency of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).  A court may dismiss a case for failure to obey a confidentiality order pursuant to either Rule 16(f) or 41(b) of the Federal Rules of Civil Procedure.  Rule 16(f)(1)(C) states that a court may impose any sanction authorized by Rule 37(b)(2)(A)(ii)-(vii) for violation of a pretrial order.  Rule 37(b)(2)(A)(v) specifically provides for the sanction of dismissal.  Similarly, Rule 41(b) permits a court to order dismissal "[f]or failure of the plaintiff . . . to comply with . . . any order of [the] court."  "The standards governing dismissal for failure to obey a court order are basically the same under either of these rules."  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

1        Before imposing the sanction of dismissal, a court must weigh five factors: (1) the
2 public's interest in expeditious resolution of litigation; (2) the court's need to manage its
3 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
4 disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.*
5 Although the fourth factor will nearly always weigh against dismissal, "it is not sufficient
6 to outweigh the other four factors" where, as in this case, they support dismissal. *Id.* at
7 133 n.2.

8        Here, the first two factors clearly weigh in favor of dismissal.  A party's willful
9 violation of court orders impairs the public interest in the expeditious and fair resolution
10 of controversy and undermines the institutional integrity of the court.  The public cannot
11 rely on the judicial process and courts cannot function efficiently unless parties are bound
12 to conform with court orders.  In almost every business lawsuit parties are required to
13 provide confidential or proprietary information to the other side, but no one loses his or
14 her right to privacy simply because they have been sued.

15        A paramount consideration of the public interest is that the very integrity of the
16 civil litigation process is grounded in people's ability to believe that protective orders will
17 be obeyed.  Parties surrender their private information in the course of litigation only
18 because they trust in the good faith of their adversaries to comply with the court's order
19 for the protection of their mutual privacy, confidentiality, and business information.  Ms.
20 Baker's flagrant violation of the confidentiality order and then daring the Defendant to
21 trace provable harm from it makes a mockery of confidentiality of the discovery process.
22 People will not disclose their private information in civil litigation if their only recourse
23 for the malicious destruction of their privacy is to incur legal expense to prove what is
24 usually not provable–that is, exactly how the loss of privacy has hurt their pocketbooks.
25 It is critical to litigants' ability to trust in the discovery process to see that the courts deal
26 forcefully with any violation of confidentiality.  Ms. Baker's extraordinary violation, the
27 bad faith of which she herself proclaimed in her internet posting, plainly calls for the
28 strongest sanction and the best hope of a prophylactic message to other litigants.

- 4 -

1     "[I]n this era of crowded dockets" parties who willfully abuse the discovery
2 process "also deprive other litigants of an opportunity to use the courts as a serious
3 dispute-settlement mechanism." *G.K. Properties*, 577 F.2d at 647.  "It is well settled that
4 dismissal is warranted where, as here, a party has engaged deliberately in deceptive
5 practices which undermine the integrity of judicial proceedings." *Anheuser-Busch, Inc. v.*
6 *Natural Beverage Distrib's.*, 69 F.3d 337, 348 (9th Cir. 1995); *see also Wyle v. R.J.*
7 *Reynolds Indust.*, 709 F.2d 585, 589 (noting that district courts have the power to dismiss
8 an action where a party wilfully "engage[s] in conduct utterly inconsistent with the
9 orderly administration of justice").  The integrity of the discovery process depends
10 completely on careful, scrupulous, and literal observance of any protective order which a
11 court may enter regarding such information.  Ms. Baker's flagrant breach of her duties is
12 inexcusable.

13     "Whether prejudice is sufficient to support an order of dismissal is in part judged
14 with reference to the strength of the plaintiff's excuse for the default."  *Malone*, 833 F.2d
15 at 131.  Ms. Baker's principal argument against sanctions is that she did not violate the
16 Confidentiality Order and that Focus could not have been prejudiced because she did not
17 actually reproduce any portion of its training manual.  However, her assertion is patently
18 false, given the clear language in the order which states that she could not "disclose,
19 publish, or otherwise reveal" the contents of any discovery material entrusted to her care.
20 Ms. Baker's profession of ignorance of this duty is unbelievable in light of the plain
21 words of the confidentiality order.

22     Ms. Baker also argues that the information she posted on her website could not
23 have caused Focus actual harm.  However, Focus is not required to show actual harm to
24 establish Ms. Baker's violation of the court's order.  The Confidentiality Order clearly
25 applied to all "documents produced pursuant to this litigation."  If Ms. Baker believed
26 that certain information contained in those documents was not deserving of
27 confidentiality, then it was her responsibility to seek permission from the court before
28 publishing it.  A party who consciously violates a court order does so at her own peril.  In

- 5 -

1 any event, it is precisely the intangible nature of Focus' injuries which justify a
2 substantial sanction. Therefore, the third *Malone* factor also weighs in favor of dismissal.
3       Finally, no less drastic sanctions would be effective. For the reasons stated above,
4 it is not possible to measure precisely the damage done to Focus. A monetary sanction
5 for actual damages other than attorney's fees could not be measured with confidence. It
6 seems unlikely that Ms. Baker would pay such an assessment. Moreover, Focus has
7 submitted evidence that its proprietary information remained on Ms. Baker's website for
8 at least a week after the court instructed her to remove it. Her defiance of the court's
9 instructions and her disrespect for the judicial process suggest that lesser sanctions would
10 offer her insufficient deterrence for further misconduct.
11       "When choosing among possible sanctions [pursuant to Rule 37], [a] district court
12 may consider the deterrent value of an order of dismissal on future litigants as well as on
13 the parties. *Wyle,* 709 F.2d at 590. Given the wilful and deliberate violation of the
14 protective order in this case, the court views dismissal as an appropriate sanction because
15 of the message it will convey to future litigants, as well as to Ms. Baker. Were the court
16 to permit this litigant to benefit from her actions, other litigants might view the potential
17 benefits of breaking a court order as outweighing the potential consequences. Therefore,
18 the court believes that dismissal is not only justified in this case, but necessary.

19 **III.    Other Motions**

20       Ms. Baker's other motions are unwarranted. Her Motion to Compel Compliance
21 With the Court's 12/7/07 Order and for Sanctions Against Focus Receivables
22 Management LLC and its Attorney Cynthia Fulton (Doc. # 108) seeks sanctions related to
23 conduct for which the court has already sanctioned the Defendant. Defendant's prior
24 delay in giving discovery was previously addressed at the December 7, 2007 hearing and
25 compensated by order of the court. There is no lawful basis for imposing additional
26 sanctions.
27       Ms. Baker also fails to provide any justifiable reason for granting her Motion to
28 Vacate the Confidentiality Order and to Make Public All Sealed Filings and Exhibits

- 6 -

(Doc. # 112). Her argument that the filings in this case are a matter of public interest is unavailing. Moreover, even if the court were to grant her request to vacate the Confidentiality Order, it would not affect the disposition of her case. She violated a valid and reasonable order of the court and her actions warrant dismissal of her suit.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Compliance With the Court's 12/7/07 Order and For Sanctions Against Focus Receivables Management LLC and its Attorney Cynthia Fulton (Doc. # 108), Plaintiff's Motion to Vacate the Confidentiality Order and to Make Public All Sealed Filings and Exhibits (Doc. # 112), and the Defendant's Motion to Strike (Doc. # 110) are DENIED.

IT IS FURTHER ORDERED that the Plaintiff's Motion For Leave of Court to File Memorandum in Opposition to Sanctions, Declaration and Exhibits Under Seal (Doc. # 106) is GRANTED.

IT IS FURTHER ORDERED that the Clerk seal the Affidavit and Attachment A attached to the Defendant's Motion for Sanctions (Doc. # 88) and the Affidavit and Attachment A attached to the Memorandum of Law Regarding Sanctions (Doc. # 96).

IT IS FURTHER ORDERED that this action is dismissed with prejudice as a sanction for Plaintiff's violation of the Confidentiality Order (Doc. # 85). The Clerk shall enter judgment DISMISSING this action with prejudice and shall terminate this action.

DATED this 26th day of February, 2008.

_____
Neil V. Wake
United States District Judge